IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN WALTON, | ) CIVIL DIVISION |
| Plaintiff, | ) No: 21-860 |
| v. | ) US District Judge Nora Barry Fischer |
| WESTMORELAND COUNTY, Pennsylvania, and GINA CERILLI, COMMISSIONER, in her individual capacity, | ) **ELECTRONICALLY FILED** <br> ) **JURY TRIAL DEMANDED** |
| Defendants. | |

## CONFIDENTIALITY AGREEMENT AND ORDER

WHEREAS Plaintiff has instituted a civil action against Defendants, WESTMORELAND COUNTY and GINA CERILLI, (hereinafter "Defendants"), as more fully described in Plaintiff's Amended Complaint filed at docket No: 21-860, and;

WHEREAS Defendants possesses investigative reports, e-mails, documents and papers containing confidential and/or proprietary information relative to County business and/or confidential matters kept in the regular course of business ("Confidential Documents") which Defendants seek to use in defense of this matter and have agreed to produce with a Confidentiality Agreement and pursuant to Order of Court; and;

NOW THEREFORE with the foregoing being incorporated by reference, it is HEREBY AGREED:

1. That the Confidential Documents produced by Defendants in this litigation shall remain confidential, and may be used for the within litigation purposes only, including but not limited to discovery, depositions, trial preparation and trial, but at no time will the Confidential

LEGAL/130579447.v1



Documents be attached as an exhibit to any motion or pleading nor used as an exhibit at trial beyond this litigation except as provided hereafter.

2. Nothing in this Agreement shall prevent Plaintiff from submitting any document covered by this Confidentiality Agreement in this legal proceeding as either an exhibit to a document filed of record with the Court or to be presented in an evidentiary proceeding provided that the parties to this agreement further agree and stipulate that any such materials covered by this Confidentiality Agreement will, at the final conclusion of this cause of action be returned to the attorney for Defendants, upon request.

3. This Confidentiality Agreement may be executed in counterpart and the terms of this Confidentiality Agreement do not, in any way, waive objections parties to this Agreement might have concerning production of documents or other materials other than the Confidential Documents.

4. Furthermore, documents governed by this Confidentiality Agreement of this date will be Bates numbered and will be specifically marked as being "CONFIDENTIAL."

5. Plaintiff and Plaintiff's counsel herewith agree to refrain from disseminating the Confidential Documents or any other document which, upon agreement of the parties, may subsequently be governed by this Agreement produced, by Defendants' counsel, or any part of it to anyone or any other entity and to return, upon request, the Confidential Documents and all copies to Defendants via Defendants' attorneys of record at the conclusion of this litigation.

6. Plaintiff and his attorney(s), including all individuals employed by or with the Plaintiff and/or his attorney, agree and represent that the contents of the Confidential Documents and/or any and all information contained therein shall remain confidential, that they will not disclose the Confidential Documents or the contents thereof to any person, and will use their best

efforts to ensure that any person will not violate the letter or the spirit of this Agreement.

7. The Plaintiff and his attorney agree and represent that they will not discuss or disclose any information contained in the Confidential Documents and/or any oral or written information obtained relative to the Confidential Documents produced in this matter and/or produced through the course of discovery, with or to any person or entity and further agree that they shall not, directly or indirectly, either on his own or through other persons or entities, orally or in writing or in any form, voluntarily disclose or make comment about or concerning the Confidential Documents, to or with any third persons, firm, family, friends, organization, corporation, governmental entity, the media, any regulatory, administrative or review body whether private, professional, local, county, state or federal or other entity.

8. It is expressly understood and agreed by the parties and their attorneys that any breach of the confidentiality provisions of this Agreement does not constitute a breach of the entire Agreement, and the parties and their attorneys intend that the confidentiality provisions shall be and are severable from the other terms of this Agreement.

9. The parties warrant that they have entered this Agreement voluntarily and of their own accord without reliance on any inducement, promise, or representation by any other party, except those which are expressly set forth in this Agreement. This Agreement contains and constitutes the entire understanding and agreement between the parties respecting the subject matter hereof and may not be changed or altered in any way except by a writing signed by all parties hereto.

10. If any paragraph or clause hereof shall be held invalid or unenforceable in any jurisdiction, then the meaning of such paragraph or clause shall be construed so as to render it enforceable to the extent permissible. If no permissible interpretation would save such paragraph

or clause, it shall be severed from these terms and condition and the remainder shall remain in full force and effect.

11. It is hereby agreed by the parties that this Agreement shall be governed by the laws of the Commonwealth of Pennsylvania, regardless of any conflicts of law provision requiring reference to the rule of, decision in, and/or laws of another state or sovereign nation.

12. The parties acknowledge that all of the terms of this Agreement contained herein are a material and integral part of this Agreement.

13. Agreeing to be bound by the above terms, counsel for parties will with full authority from their respective clients sign this Agreement below:

| Date | THOMAS B. ANDERSON, ESQUIRE<br>**Counsel for Plaintiff, John Walton** |
|---|---|
| Date | TERESA O. SIRIANNI, ESQUIRE<br>MORGAN M. J. RANDLE, ESQUIRE<br>**Counsel for Defendants, Westmoreland County and Gina Cerilli** |

IT IS SO ORDERED:

s/Nora Barry Fischer
US District Judge Nora Barry Fischer

4