IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN WALTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 21-860 |
| | ) Judge Nora Barry Fischer |
| | ) |
| WESTMORELAND COUNTY, et al. | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

In this civil rights and employment action, Plaintiff John Walton ("Walton") alleges that Defendants Commissioner Gina Cerilli Thrasher ("Cerilli") and Westmoreland County (the "County") discriminated against him based on his gender and political affiliation. (Docket No. 20). Presently before the Court is a contested motion for summary judgment filed by Defendants which has been fully briefed and was argued at a motion hearing held on June 29, 2023. (Docket No. 82). At the conclusion of the hearing, the Court directed the parties to submit supplemental briefing as to the admissibility of certain news articles, investigative reports and meeting minutes, which they have now submitted. (Docket Nos. 84, 85).

Upon consideration of the parties' supplemental briefs and other filings with the Court, (Docket Nos. 57-61, 66-74, 84, 85), their arguments at the hearing, (Docket No. 86), and for the following reasons, the Court will exclude the parties' proffered news articles, (Docket Nos. 60, Defendants' Exhs. Q, R; 68, Plaintiff's Exhs. 17-22, 26, 28), and consider the parties' proffered investigative reports, (Docket Nos. 60, Defendants' Exh. L; 68, Plaintiff's Exh. 9), for non-hearsay purposes in deciding Defendants' Motion for Summary Judgment.

Relevant here, summary judgment is appropriate when the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A genuine dispute of material fact is one that could affect the outcome of litigation. *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In terms of procedure, the Court may accept any facts which are admitted by the opposing party or those that are deemed admitted because they are not sufficiently supported in accordance with the rules.  *See* W.D. Pa. LCvR 56.E.  In addition, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).  With respect to hearsay statements,

> the rule in this circuit is that hearsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial. In ruling on a motion for summary judgment, the court need only determine if the nonmoving party can produce admissible evidence regarding a disputed issue of material fact at trial. The proponent need only explain the admissible form that is anticipated.

*Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238–39 (3d Cir. 2016) (quotations omitted).

1. **News Articles**

The Court initially turns to the news articles both parties have presented as part of their summary judgment appendices, including Plaintiff's Exhibits 13, 17-19, 20, 22, 26, and 28; and Defendants' Exhibits Q and R. (Docket Nos. 60, 68).  As was pointed out at the hearing, this Court has held that news articles generally constitute hearsay because they contain out of court statements by the reporter which are inadmissible at trial to prove the truth of the matters asserted therein. *See Corner Pocket, Inc. v. Travelers Indem. Co.*, 2014 WL 657615, at *2 (W.D. Pa. Feb. 20, 2014).

The Court further notes that the other evidence in this case demonstrates why news articles are generally inadmissible, i.e., because the reporting of the hearsay statements in the news articles may be disputed by the declarants. (*See* Docket No. 68 Plaintiff's Exh. 1 Kopas Depo. 15:14-22 (showing Ted Kopas wrote a letter to the Latrobe Bulletin in response to an article where the author "missed the mark in presenting the internal affairs discussion")).

In their supplemental briefs, both parties concede that their news article exhibits are hearsay and that the Court need not consider them in ruling on the pending motion for summary judgment. (Docket Nos. 84 at 1, 85 at 1). To that end, the parties note that their citations to news article exhibits are unnecessary because Plaintiff cites to multiple other sources to support the same facts and Defendants' statements supported by these exhibits are undisputed. (Docket Nos. 84 at 2; 85 at 3; 59, 67, 73) (showing Plaintiff does not dispute paragraphs 127[1]-129, and 237 of Defendants' Statement of Material Facts containing citations to Defendants' news article exhibits)). The parties further agree that the Court can take judicial notice of the County meeting minutes, which are public record. (Docket Nos. 84 at 6-7, 85 at 9).

Based on their submissions, the parties have effectively withdrawn their news article exhibits. The Court agrees with the parties' concessions that the news articles contain hearsay and will exclude them from consideration in deciding Defendants' Motion for Summary Judgment. *See Corner Pocket, Inc.*, 2014 WL 657615, at *2. The Court will also take judicial notice of public County meeting minutes to the extent that the minutes support Defendants' undisputed facts found in their proffered news articles.[2] (Docket Nos. 84 at 6-7; 85 at 9); *United States v. Shumaker*, No.

---

[1] Plaintiff disputes paragraph 127 without citation, which is deemed an admission. Fed. R. Civ. P. 56(e)(2); LCvR 56(C); (Docket No. 67 ¶ 127).

[2] *See* Westmoreland County Board of Commissioners Feb. 11, 2021 Meeting Minutes, https://www.co.westmoreland.pa.us/ArchiveCenter/ViewFile/Item/3086 (last visited Aug. 2, 2023) (showing Walton was re-hired as a "Prison Consult Temp" at the February 11, 2021 Commissioners Public Meeting Minutes); Westmoreland County Prison Board January 25, 2021 Meeting Minutes

CR 09-87, 2011 WL 13176084, at *10 n.11 (W.D. Pa. Mar. 28, 2011), *aff'd*, 475 F. App'x 817 (3d Cir. 2012) (citation omitted) ("[A] court may take judicial notice of a prior judicial opinion and matters of public record."). Accordingly, the Court will not consider the parties' proffered news articles and will consider only the relevant County meeting minutes supporting undisputed facts.

### 2. Investigative Reports

The Court next evaluates the investigative reports presented by the parties in their appendices including Plaintiff's Exhibit 9, and Defendants' Exhibits G-L. (Docket Nos. 60, 68). The investigative report exhibits generally pertain to human resources matters and were commissioned by the County but produced by outside law firms and lawyers Suzanne Merrick, Thomas Pellis, and Benjamin Orsatti. (*Id.*). The report by Merrick contains her analysis of Walton's internal complaint of political discrimination and harassment against Cerilli while the other investigative reports pertain to issues concerning other employees at the Westmoreland County Prison during Walton's tenure as Warden. (Docket No. 60 Defendants' Exh. L; 68 Plaintiff's Exh. 9).

Defendants initially argue that the investigative reports should be admissible at trial because they are investigative reports excluded from the rule against hearsay under Rule 803(8) of the Federal Rules of Evidence. (Docket No. 85 at 4-5). With that said, Defendants alternatively contend that the investigative reports have been presented for non-hearsay purposes and point out that they rely on these reports for purposes such as timing, the fact that the investigations took place, and the parties' knowledge of such investigations. (Docket No. 85 at 4; 59 ¶¶ 35, 75-78, 80, 101). They also use these reports to show the timeline of events in furtherance of their

---

https://www.co.westmoreland.pa.us/ArchiveCenter/ViewFile/Item/3126 (last visited Aug. 2, 2023) (noting at the January 25, 2021 Prison Board Meeting that Bryan Kline was hired as Westmoreland County Warden).

argument that Plaintiff's claims are time barred. (Docket No. 58 at 3-4, 14-17). For his part, Plaintiff likewise states that he has not cited Merrick's report for the truth of the matters asserted therein. (Docket No. 84 at 2).

The Court notes that the Third Circuit has not yet decided whether investigative reports commissioned by public agencies but written by a private individual or an entity like a law firm constitute public records for purposes of Rule 803(8). *See Bernard v. East Stroudsburg University*, 700 Fed. Appx. 159, 167 (3d Cir. 2017) (noting that the Third Circuit has not yet decided whether reports commissioned by public agencies, but written by private entities, are public records under Fed. R. Evid. 803(8)). However, the Court need not decide that issue at this time because the investigative reports may be considered at summary judgment for the non-hearsay purposes for which they are offered rather than the truth of the matters asserted therein.[3] Both parties also support their proffered concise statements of material facts and responses with other admissible evidence. (*See, e.g.*, Docket No. 59 ¶ 117 (citing Cerilli's letter to show the results of certain investigations)). The Court further notes that the investigative reports at Defendants' Exhibits G-L are only provided in support of alternative arguments in defense of Plaintiff's claims. (*See, e.g.*, Docket No. 58 at 11 (relying on several reports of misconduct at the prison to show that Cerilli would have taken the same employment action even in the absence of the alleged protected conduct)).

Accordingly, the Court will consider the parties' investigative reports, to the extent relevant, only for the non-hearsay purposes for which they are offered. The Court reserves ruling on the admissibility of these reports at trial. *See Bernard*, 700 Fed. App'x at 167.

---

[3] Fed. R. Evid. 801 note (subdiv. (c)) (citation omitted) (explaining that a statement is not hearsay if the significant of the offered statement is to show that fact that the statement was made).

Therefore, IT IS HEREBY ORDERED that the news article exhibits, i.e., Plaintiff's Exhibits 13, 17-22, 26, and 28, and Defendants' Exhibits Q and R, are excluded from consideration in deciding Defendants' Motion for Summary Judgment; and,

IT IS FURTHER ORDERED that the investigative report exhibits, i.e., Plaintiff's Exhibit 9 and Defendants' Exhibits G-L, will be considered only to the extent they are relevant and for non-hearsay purposes in deciding Defendants' Motion for Summary Judgment.

*/s Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

Dated: August 16, 2023

cc/ecf: All counsel of record.